IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Kenneth J. Daugherty (N61174), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 18 C 6646 |
| v. | ) | |
| | ) | Hon. Sharon Johnson Coleman |
| S. Portwood, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

In this *pro se* civil rights lawsuit pursuant to 42 U.S.C. § 1983, Plaintiff Kenneth J. Daugherty, a state prisoner, alleges he became ill after eating chicken that was knowingly prepared using expired oil. Before the Court is Defendants' motion for summary judgment. For the reasons stated below, Defendants' motion is granted.

**I. Summary Judgment Standard**

Pursuant to Federal Rule of Civil Procedure 56(a), a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp v. Catrett*, 477 U.S. 317, 322 (1986). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Anderson*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material facts exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting *Anderson*, 477 U.S. at 248). A fact is material if it might affect the outcome of the suit. *First Ind. Bank v. Baker*, 957 F.2d 506, 508 (7th Cir. 1992).

1

The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the party moving for summary judgment demonstrates the absence of a disputed issue of material fact, "the burden shifts to the non-moving party to provide evidence of specific facts creating a genuine dispute." *Carrol v. Lynch*, 698 F.3d 561, 564 (7th Cir. 2012). The non-movant must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Hannemann v. Southern Door Cty Sch. Dist.*, 673 F.3d 746, 751 (7th Cir. 2012). "Thus, 'summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."' *Cooper v. Lane*, 969 F.2d 368, 371 (7th Cir. 1992) (quoting *Celotex*, 477 U.S. at 322 (1986)); *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1032 (7th Cir. 2019).

When deciding a motion for summary judgment, the Court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

## II. Northern District of Illinois Local Rule 56.1

Local Rule 56.1 governs the procedures for filing and responding to motions for summary judgment in this court. The rule is intended "to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted). Local Rule 56.1(a) requires the moving party to provide a statement of material facts that complies with Local Rule 56.1(d). L.R. 56.1(a). Local Rule 56.1(d) requires that "[e]ach asserted fact must be supported by citation to the specific evidentiary material, including the specific page number, that supports it.

The court may disregard any asserted fact that is not supported with such a citation." L.R. 56.1(d)(2).

The opposing party must then respond to the movant's proposed statements of fact. *Schrott v. Bristol-Myers Squibb Co.*, 403 F.3d 940, 944 (7th Cir. 2005); L.R. 56.1(e). In the case of any disagreement, "a party must cite specific evidentiary material that controverts the fact and must concisely explain how the cited material controverts the ass2erted fact. Asserted facts may be deemed admitted if not controverted with specific citations to evidentiary material." L.R. 56.1(e)(3). "[M]ere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material." *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003). The party opposing summary judgment may also submit "a statement of additional material facts that complies with LR 56.1(d)." L.R. 56.1(b)(3). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." *Id*. A plaintiff's *pro se* status does not excuse him from complying with Local Rule 56.1. *See Cady v. Sheahan*, 467 F.3d 1057, 1061 (7th Cir. 2006).

Defendants filed a Rule 56.1 statement of material facts with their motion for summary judgment. (Dkt. 130.) Consistent with the local rules, Defendants also provided Plaintiff with a Local Rule 56.2 Notice, which explains what Local Rule 56.1 requires of a litigant opposing summary judgment. (Dkt. 133.)

Plaintiff responded to Defendants' statement of material facts, including submitting additional material facts (Dkt. 137.) and submitted his own memorandum in opposition to summary judgment (Dkt. 138.) Defendants also responded to Plaintiff's additional material facts. (Dkt. 144.)

Plaintiff relies on his own and several other inmates' affidavits/declarations in support of many of his proposed statements of material fact. Defendants object to several of Plaintiff's proposed statements of fact because many aspects of the affidavits/declarations rely on speculation to which the affiant/declarant is not competent to testify about or are based on inadmissible hearsay[1]. Plaintiff's statements that rely on speculation or are based on inadmissible hearsay cannot be used in opposition to Defendants' motion for summary judgment. Fed. R. Civ. P. 56.(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."). Indeed, it is well-settled that speculation cannot defeat a summary judgment motion. *See FKFJ, Inc. v. Village of Worth*, 11 F.4th 574, 585 (7th Cir. 2021).

For example, Plaintiff incudes several other inmates' affidavits that state that the inmate ate the chicken that was served on November 12, 2016, and then became ill or not. In addition, the inmates saw others become ill after eating the chicken. Such statements are admissible for the proposition that the inmate ate chicken on November 12, 2016, either did or did not become ill, and that he observed others become ill. However, such statements cannot be used for the proposition that it was the chicken that caused any illnesses because the inmates have not demonstrated they are competent to testify as to that causation.

As another example, Daugherty supports his proposed statements of material facts and his argument with his declaration. In the declaration and proposed statement of material fact, Daugherty avers that he was told by unidentified inmates who worked in the kitchen that Food Supervisor Portwood was shown that the cooking oil was expired and told these unidentified

---

[1] Hearsay is defined as an out-of-court statement made by a declarant that is being offered in evidence to prove the truth of the matter asserted in the statement. Fed. R. Evid. 801(c).

4

inmates to use the oil anyway. (See Dkt. 137, ¶ 33.) Plaintiff relies on this averment to demonstrate that Portwood knew the cooking oil was expired and told the inmates to use it anyway. However, the statement is inadmissible hearsay and cannot be used as Daugherty attempts to do.

The Court has reviewed each parties' proposed statements of material facts, the responses to each parties' proposed statements of material facts, and the supporting documents cited in support of those statements. Consistent with L.R. 56, Federal Rules of Civil Procedure 56, and the Rules of Evidence, the following facts are undisputed.

### III. Facts

In November 2016, Daugherty was incarcerated at Stateville Correctional Center. (Dkt. 130, ¶ 2.) On November 12 and 13, 2016, Sergeant Jerome Weatherspoon, worked the 11:00 p.m. to 7:00 a.m. shift at Stateville Northern Reception Center. (*Id*., ¶ 3.) In November 2016, Defendants Portwood and Bumber were food supervisors at Stateville. (Dkt. 137, ¶ 45.)

Daugherty ate a whole piece of chicken for lunch on November 12, 2016. (Dkt. 130, ¶ 12.) After eating the first piece of chicken, Daugherty's mouth became numb and he had a "weird mucous-like film in his mouth." (Dkt. 137, ¶ 22.) Shortly thereafter, Daugherty observed other inmates begin to vomit and his stomach began to hurt. (*Id*., ¶ 24.) Daugherty experienced severe stomach cramps, vomiting, and diarrhea for the next two-and-a-half days. (*Id*., ¶ 26.) Daugherty received medical attention on November 14, 2016. (*Id*., ¶ 28.) The medical notes indicate that Daugherty reported slight abdominal discomfort and no diarrhea with "resolving gastritis." (*Id*., ¶ 28; pg. 27.)

Daugherty did not report that he believed the chicken was contaminated during lunch on November 12, 2016. (Dkt. 130, ¶ 14.) Daugherty did not hear a radio announcement on November 12, 2016, warning staff not to eat the fried chicken. (*Id*., ¶ 11.) Defendants have no recollection

of a radio announcement being made on November 12, 2016, warning staff not to eat the chicken prepared for the inmates' meal. (*Id*., ¶ 10.) Several other inmates became ill on November 12, 2016, after eating the chicken that was served and they describe the chicken as having a film or mucous on it. (Dkt. 137, ¶¶ 46-51.)

**IV. Analysis**

Daugherty alleges that food supervisors Portwood and Bumber knowingly used expired cooking oil when preparing chicken on November 12, 2016[2], and then served the "contaminated" chicken to inmates. He further alleges that Sergeant Weatherspoon was working during lunch on the E-House on November 12, 2016, at which time Weatherspoon heard a radio announcement that correctional staff should not eat the chicken because it was contaminated by the use of expired cooking oil. Even with this knowledge, Weatherspoon allowed inmates to eat the chicken.

Eighth Amendment claims regarding prison conditions contain both an objective and a subjective component. First, a plaintiff must demonstrate the defendant's conduct denied him "the minimal civilized measure of life's necessities" consistent with contemporary standards. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981). The plaintiff also must demonstrate that the defendant acted with a "sufficiently culpable state of mind;" that is, he or she must have been aware of and disregarded an excessive risk posed to the plaintiff's health. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994). Mere negligence is not enough. *Davidson v. Cannon*, 474 U.S. 344, 347–48, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986).

Daugherty has failed to demonstrate a genuine issue of material fact exists as to his claims. Daugherty has not demonstrated that any Defendant was aware that the chicken served on

---

[2] Plaintiff uses the date November 2, 2016, in his amended complaint [71] but all other filings use November 12, 2016 – it appears the November 2, 2016, is a typo in the amended complaint.

November 12, 2016, was made using expired cooling oil. Daugherty attempts to show that Portwood and Bumber were aware that the cooking oil was expired because Portwood ordered staff to prepare the chicken after being informed that the oil was expired. However, Daugherty relies only upon inadmissible hearsay (conversations other inmates told Plaintiff they had with Portwood) to demonstrate such knowledge and such evidence cannot be considered at summary judgment. Daugherty has also failed to demonstrate that the cooking oil actually was expired (Daugherty avers that the cooking oil expired in 2011). Daugherty attempts to demonstrate the cooking oil was expired using a hand-written note that Daugherty states a different unidentified inmate copied down on a piece of paper. Again, such hearsay evidence is not admissible to show the cooking oil was expired.

As to Weatherspoon, the undisputed facts show that he did not work the lunch shift on either November 12 or 13, 2016; thus, Weatherspoon could not have heard any alleged announcement to not eat the chicken because it was contaminated prior to serving the chicken on November 12, 2016. Daugherty attempts to dispute whether Weatherspoon was present and heard the alleged announcement by arguing that on November 13, 2016, he overheard Weatherspoon talking with the inmate in the cell next to him and that Weatherspoon stated that an announcement came over the radio not to eat the chicken. However, any such statement is inadmissible hearsay. In addition, Weatherspoon's timesheet indicates that he worked the 11:00 p.m. to 7:00 a.m. shift on November 12 and 13, 2016, at the Northern Reception Center (an intake and processing center separate from Stateville Correctional Center), while Daugherty was housed in Stateville Correctional Center.

"Summary judgment is the proverbial put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the

events." *Beardsall v. CVS Pharmacy, Inc.*, 953 F.3d 969, 973 (7th Cir. 2020). While Daugherty has provided circumstantial evidence that he and several other inmates became ill after eating chicken on November 12, 2016, he has failed to show a genuine issue of material fact exists, with admissible evidence, as to whether the Defendants knowingly served "contaminated" chicken due to being cooked in expired cooking oil. Accordingly, his claims fail.

## V. Conclusion

For the reasons stated above, the Court grants Defendants' motion for summary judgment [129]. Final judgment shall enter for Defendants on all claims.[3]

Date: 2/23/2022                            /s/Sharon Johnson Coleman
                                           Sharon Johnson Coleman
                                           United States District Judge

---

[3] If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* Plaintiff has struck out and has been so informed, *Johnston v. Hoogland*, Case No. 20 cv 7814, Dkt. 15, pgs. 1, 7; and his arrest in 2017 does not constitute imminent danger of serious physical injury. Therefore, if Plaintiff appeals, he must pay the $505 filing fee.

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). A Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. *See* Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).